IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| IN RE ANTHONY A. SENERCHIA, | § |
| | § No. 217, 2024 |
| Respondent, | § |
| Rule 55.1 In-House Counsel. | § |

Submitted: June 10, 2024
Decided: June 25, 2024

Before **TRAYNOR**, **LEGROW**, and **GRIFFITHS**, Justices.

*PER CURIAM:*

## ORDER

After consideration of the petition for immediate suspension of the respondent's Delaware Certificate of Limited Practice and the responses, it appears to the Court that:

(1)    On May 28, 2024, the Office of Disciplinary Counsel ("ODC") filed a petition for immediate suspension of Anthony A. Senerchia's Delaware Certificate of Limited Practice under Supreme Court Rule 55.1 and issuance of a Rule to Show Cause.

(2)    Under Rule 55.1, "[a] lawyer admitted to the practice of law in a jurisdiction other than this state, of the United States, may apply for a Delaware Certificate of Limited Practice, which will allow the lawyer to practice law as in-house counsel in this state."[1]  An eligible lawyer "must be

---

[1] Supr. Ct. R. 55.1(a).  An attorney admitted as in-house counsel under Rule 55.1 may not, subject to limited exceptions, make court appearances or engage in activities requiring *pro*

employed in the state as a lawyer working exclusively for a for-profit or a non-profit corporation, association, or other organizational entity…the business of which is lawful and is other than the practice of law or the provision of legal services."[2]

(3) To obtain a Delaware Certificate of Limited Practice, a lawyer must submit an application certifying that he is employed exclusively by an entity whose business is other than the practice of law or the provision of legal services.[3] An applicant must also submit an affidavit from an officer, principal, or partner of his employer providing the address of the employer's principal place of business in Delaware, attesting that "the applicant is employed as a lawyer to provide legal services exclusively to the Employer," and certifying that the employer's business is other than the practice of law or provision of legal services.[4]

(4) Rule 55.1 provides for automatic suspension of a lawyer's authority to practice law when: (i) his employment with the employer providing the required affidavit is terminated, unless he applies for a certificate of transfer; (ii) he fails to comply with any provision of Rule 55.1;

---

*hac vice* admission. *Id.*

[2] *Id.* (emphasis added).

[3] *Id.* R. 55.1(b); Form 1.

[4] Supr. Ct. R. 55.1(b); Form 4.

or (iii) he is suspended or disbarred for disciplinary reasons in any jurisdiction of the United States.[5] An attorney whose authority to practice is suspended under Rule 55.1(i)(2) or (i)(3) may be considered for reinstatement only in accordance with Rule 22 of the Delaware Lawyers' Rules of Disciplinary Procedure.[6]

(5) Senerchia received a Delaware Certificate of Limited Practice in 2007. In its petition, ODC alleges that Senerchia is not eligible and may never have been eligible for a Delaware Certificate of Limited Practice because he is not employed in Delaware as a lawyer working exclusively for a company whose business is other than the practice of law or the provision of legal services. According to ODC, Senerchia has practiced law with a law firm in Rhode Island for approximately 20 years.

(6) In his response to ODC's petition, Senerchia agrees that he does not presently qualify for a Delaware Certificate of Limited Practice and represents that "[a]ny violation of Rule 55.1" by him "was an inadvertent oversight" and "unintentional in nature."[7] He asks that this Court "allow him to voluntarily surrender the Certificate and give up any right to ever seek

---

[5] *Id.* R. 55.1(i).
[6] *Id.*
[7] Respondent Anthony A. Senerchia's Response to the Petition for Immediate Suspension Pursuant to Rule 55.1 at 1-2.

reinstatement in Delaware in the future…to avoid further harsh penalties and implications stemming from this oversight."[8]  ODC does not object to Senerchia's voluntary surrender of his Delaware Certificate of Limited Practice in lieu of automatic suspension and does not object to Senerchia applying in the future for a Delaware Certificate of Limited Practice under Rule 55.1.

(7)    Having considered the parties' positions, the Court concludes that Senerchia does not satisfy the requirements for a Delaware Certificate of Limited Practice under Rule 55.1.  The Court accepts Senerchia's voluntary surrender of his Delaware Certificate of Limited Practice and pledge not to seek reinstatement under Rule 55.1.  Any references to Senerchia's admission to the Delaware Bar or practice in Delaware shall be removed from his law firm website and any other websites or marketing materials within his control.

NOW, THEREFORE, IT IS ORDERED that Senerchia's Delaware Certificate of Limited Practice is SURRENDERED.

---

[8] *Id.*

4